UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Civil Action No. __2:20-cv-00219_____

CHARLENE K. SHEIDY,

    Plaintiff,

v.

QUALITY ASSET RECOVERY, LLC,

    Defendant.
_____/

## COMPLAINT

NOW COMES CHARLENE K. SHEIDY, through undersigned counsel, complaining of QUALITY ASSET RECOVERY, LLC, as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. CHARLENE K. SHEIDY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Port Charlotte, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. QUALITY ASSET RECOVERY, LLC ("Defendant") is a limited liability company organized under the laws of New Jersey.

7. Defendant has its principal place of business at 7 Foster Avenue, Suite 101 Gibbsboro, New Jersey.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On September 27, 2019, Plaintiff received medical services from Peace River Anesthesiology PA.

11. Said medical services resulted in certain medical debt.

12. Plaintiff's $1,141.48 balance, once unpaid, was referred for collection.

13. Plaintiff's $1,141.48 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Plaintiff's $1,141.48 balance is a "debt" as defined by Fla. Stat. § 559.55(6).

15. Plaintiff's $1,141.48 balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

16. On March 18, 2020, Defendant called Plaintiff's minor daughter.

17. Plaintiff's daughter answered.

18. Plaintiff's daughter felt intimidated/uncomfortable by this call.

19. Concerned, Plaintiff's daughter instantly informed Plaintiff.

20. Specifically, Plainitff's daughter described this call as "stalker-like."

21. The following day, Defendant called Plaintiff.

22. Plaintiff answered.

23. Defendant demanded immediate payment of Plaintiff's $1,141.48 balance.

24. Still upset, Plaintiff shouted "[d]on't call me or my daughter!"

25. Defendant responded by threatening Plaintiff with collection proceedings should she not pay.

26. Defendant *did not* inform Plaintiff that "[Defendant] is attempting to collect a debt and that any information obtained will be used for that purpose."

27. Defendant *did not* inform Plaintiff that "[t]his communication is from a debt collector."

28. Defendant's failure to advise Plaintiff deprived Plaintiff notice of Plaintiff's rights under the law.

29. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

30. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

31. Paragraphs 10 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

## Violation(s) of 15 U.S.C. § 1692e

32. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

33. Defendant violated 15 U.S.C. § 1692e(5) by threatening Plaintiff with collection proceedings.

34. Defendant's representation(s) were made to coerce Plaintiff into making prompt payment.

35. Upon information and belief, Defendant was not able (or did not intend to) commence collection proceedings against Plaintiff.

36. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that "[Defendant] is attempting to collect a debt and that any information obtained will be used for that purpose."

37. Alternatively, Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that "[t]his communication is from a debt collector."

38. Plaintiffs may enforce the provisions of 15 U.S.C. §§ 1692e(5) and e(11) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e2(a), e(5) and e(11));

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 26, 2020                                        Respectfully submitted,

**CHARLENE K. SHEIDY**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com